UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAUN JACKSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2843** |
| **WILSON WELDING SERVICE, INC.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is **Plaintiffs' Motion to Compel (R. Doc. 29)** filed by Plaintiffs Shaun Jackson and Christopher Wilson ("Plaintiffs"), seeking an order from this Court requiring Defendant Wilson Welding Service, Inc. ("Defendant") to produce documents in response to Plaintiffs' **Request for Production Number 25**. Plaintiffs also request attorney's fees. Defendant opposes the motion. (R. Doc. 41.) The motion was heard with oral argument on Wednesday, October 19, 2011.

### I.   Factual Background

Plaintiffs filed suit against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Plaintiffs allege that Defendant discriminated and retaliated against them on the basis of their race. (R. Doc. 1, ¶ IV. 8.) Plaintiffs are African-American male welders who were hired by the Defendant to work on a rig refurbishing project. (R. Doc. 1, ¶¶ IV. 4-5, 11.) During the course of their employment, Plaintiffs allege, *inter alia*, Defendant (1) required Plaintiffs to sleep in racially segregated sleeping quarters

1

without air conditioning; (2) permitted white employees to refer to Plaintiffs as "boy" and "nigger" and tell racist jokes; (3) permitted white employees to write racially offensive language in common worksite areas; (4) permitted a white employee to steal Plaintiffs' personal belongings from their sleeping quarters, and threatened to terminate Plaintiffs if they attempted to stop it; (5) permitted while employees to leave in the early afternoon, but required Plaintiffs to work until 6 p.m.; (6) assigned Plaintiffs the least desirable, dirtiest, and most unpleasant work on the rig; (7) retaliated against Plaintiffs for reporting Defendant's discriminatory conduct; and (8) terminated Plaintiffs without cause. (R. Doc. 1, ¶¶ 15-17, 22-23, 25, 27-28, 37.) Plaintiffs seek back-pay, compensatory and punitive damages, and injunctive and declaratory relief. (R. Doc. 1, ¶ 46.)

As to the instant motion, Plaintiffs' seek an order from this Court compelling Defendant to produce documents in response to Plaintiffs' **Request for Production Number 25**.[1] The parties dispute whether Defendant's financial status can be a factor upon which a jury can determine the award of punitive damages, and thus whether it is subject to discovery. The parties also dispute whether Plaintiffs are entitled to discovery of Defendant's financial status at this stage of the litigation.

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing

---

[1] Plaintiffs' **Request for Production Number 25** requests, "[d]ocuments reflecting Defendant's annual net profit from January 2005 through the present." (R. Doc. 29-5, p. 12.)

litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947))  Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R.Civ.P. 37(a)(4).

**III.     Analysis**

    **A.     Relevance**

Plaintiffs argue that Defendant's annual net profit is relevant to the determination of punitive damages, and is therefore subject to discovery. Plaintiffs further argue that when a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of the defendant's financial status without requiring the plaintiff to establish a prima facie case on the issue of punitive damages. Plaintiffs further argue that because they are seeking punitive damages under Title VII and § 1981, Defendant should be required to produce the requested financial information.

Defendant argues that Plaintiffs' request is premature and that Plaintiffs are not entitled to discovery of this information until after liability is determined. Defendant further argues that although the Court may consider Defendant's financial status in making an award of punitive damages, it is not clear whether it is Plaintiffs' or Defendant's burden to introduce such evidence to the Court.

The Court first notes that evidence of a defendant's annual net profit relates to the defendant's financial worth. *Ferko v. Nat'l Assoc. For Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003) (citing cases). Further, it is well established that evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim. *Id.* (quotations omitted); *Singleton v. RPM Pizza, Inc.*, No. 03-2219, 2004 U.S. Dist. LEXIS 1033, at * 4-5 (E. D. La. January 26, 2004) (finding defendant's financial status relevant and reasonably calculated to lead to the discovery of information relevant to plaintiff's punitive damages claim and ordering defendant to produce its annual reports, financial statements, and federal income

tax returns).²

Defendant cites *Wilson v. Gillis Advertising Co.*, 145 F.R.D. 578 (N.D. Ala. 1993) for the proposition that Defendant's financial status is not discoverable until after liability is determined. That case, however, is distinguishable.

In *Wilson*, an Eleventh Circuit case, the plaintiff flied suit against the defendant under Title VII and state law. *Id.* at 580. The court applied an Alabama state statute that provided that evidence of a defendant's net worth is not discoverable until the fact finder finds the defendant liable for punitive damages, and held that because the plaintiff had filed suit under Title VII **and** Alabama state law, evidence of the defendant's financial condition could not be presented to the jury until the defendant was found liable under one or more of the plaintiff's federal claims. *Wilson*, 145 F.R.D. at 582. Here, Plaintiffs' have asserted claims under federal law only.³

Further, although a minority of federal courts have held that pretrial discovery of financial information requires some showing of entitlement to punitive damages, these courts almost uniformly have required less than a prima facie showing. *D'Onofrio v. Sfx Sports Group, Inc.*, 247 F.R.D. 43, 45 (D.D.C. 2008) (quotations and citations omitted). *See, e.g.*, *EEOC v. Envtl. &*

---

²*See also, Wright v. Weaver*, No. 07-369, 2009 U.S. Dist. LEXIS 117918 (E.D. Tex. December 18, 2009) (finding that where plaintiff seeks punitive damages, evidence of the defendant's net worth is relevant); *Briones v. Smith Dairy Queen, Ltd.*, No. 08-0048, 2008 U.S. Dist. LEXIS 82625, (S.D. Tex. October 16, 2008) (granting the plaintiff pretrial discovery of financial information); *United States v. Big D Enters.*, 184 F.3d 924, 932 (8th Cir. 1999) ("Under federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded." (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981))); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) ("When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages.") (collecting cases).

³The *Wilson* court also concluded "that in a suit involving a federal question where punitive damages are at issue, the financial condition of the defendant is relevant and will be admissible as a factor to be used in determining the amount of punitive damages, if any, to be awarded." *Wilson*, 145 F.R.D.at 580.

*Demolition Servs.*, 246 F.R.D. 247, 250 (D. Md. 2007) ("this Court holds that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages"); *Mid Continent Cabinetry, Inc.*, 130 F.R.D. at 152 ("plaintiff need not establish a prima facie case on the issue of punitive damage. . . it is sufficient for plaintiffs to show that his claim is not spurious in order to be entitled to discovery of defendant's financial condition"). Thus, *Wilson* is inapplicable.

Defendant further cites *Woods-Drake v. Lundy*, 667 F.2d 1198 (5th Cir. 1982) for the proposition that it is Defendant, and not Plaintiffs, who must introduce evidence of Defendant's net worth to the fact finder, if it wishes this evidence to be considered. That case, however, is also distinguishable.

In *Woods*, the defendant made no effort to introduce evidence of his financial position to the court. Instead, the defendant argued that punitive damages should not be awarded against it because the plaintiffs failed to introduce evidence of its net worth. *Woods-Drake*, 667 F.2d at 1204, n.9. The Court adopted the rule that it is the defendant, and not the plaintiff, who must carry the burden of introducing evidence of its net worth if it wishes these facts to be considered in awarding punitive damages. Thus, punitive damages were awarded to the plaintiffs despite incomplete knowledge of the defendant's financial position.

*Woods* does not stand for the proposition that it is improper for a plaintiff to introduce evidence of a defendant's financial position. Rather, it is up to the defendant to ensure this evidence is introduced if it wants the court to consider it when awarding punitive damages. Thus, *Woods* is inapplicable. Defendant's objection is overruled.

### B.     Time Period

Plaintiffs' request seeks "[d]ocuments reflecting Defendant's annual net profit from January 2005 through the present." (R. Doc. 29-5, p. 12.) Defendant objects on the basis that Plaintiffs' request is not limited to the relevant time period.

Discovery is to be limited to the relevant time period; but information for years prior or subsequent to the specific period covered by the dispute may still be relevant to Plaintiffs' claims. *See, e.g.*, *Abu-Nassar v. Elders Futures*, No. 88-7906, 1991 U.S. Dist. LEXIS 3794, at \*60 (S.D.N.Y. Mar. 28, 1991); *Hillside Amusement Co. v. Warner Bros. Pictures*, 7 F.R.D. 260, 261-62 (S.D.N.Y. 1944) (relevant time period depends on the nature of the claim and may include period antedating plaintiff's entry into business).

Here, Plaintiffs began their employment with Defendant in June 2008. (R. Doc. 1, ¶¶ 12-13.) Thus, discovery of Defendant's annual net profit is reasonably limited to 2008 through 2011. *See, e.g.*, *Briones*, No. 08-0048, 2008 U.S. Dist. LEXIS 82625, at \*16 (limiting the plaintiff's discovery of the defendant's financial information to 2007 and 2008 where the alleged discriminatory act took place in 2007 and the discovery was requested in 2008). Defendant's objection is overruled in part, and sustained in part.

### C.     Proprietary Information

Defendant also objects to Plaintiffs' request on the basis that it seeks proprietary information. Defendant failed to develop this argument in its written submission to the Court. However, during the hearing, Defendant's counsel requested that, to the extent the Court finds Defendant's annual net profit to be relevant and discoverable, such information be exchanged subject to a protective order. The Court agrees. *See* Fed.R.Civ.P. 26(c)(1). Thus, all documents reflecting Defendant's

annual net profit shall be exchanged subject to the parties' protective order. Defendant's objection is overruled in part, and sustained in part.

    **D.**    **Attorney's Fees**

Plaintiffs seek to recover attorney's fees and costs in connection with this motion. Rule 37(a)(5) provides that when a discovery motion is granted in part and denied in part, the court may award reasonable expenses, including attorney's fees, to the prevailing party. Fed.R.Civ.P. 37(a)(5)(C). Pursuant to Rule 37(a)(5)(C), Plaintiff's request is denied as Defendant's position resulted in relief and was substantially well founded.

**IV.**    **Conclusion**

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Compel (R. Doc. 29)** is **GRANTED IN PART,** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the parties shall prepare and file, for the Court's approval, a protective order **no later than October 26, 2011.**

**IT IS FURTHER ORDERED** that Defendant shall produce all documents reflecting its annual net profit from 2008 through 2011 to Plaintiffs **no later than November 2, 2011**.

    New Orleans, Louisiana, this 20th day of October.

    **KAREN WELLS ROBY**
    **UNITED STATES MAGISTRATE JUDGE**