## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAUN JACKSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2843** |
| **WILSON WELDING SERVICE, INC.** | **SECTION: "S" (4)** |

### ORDER

Before the Court is **Plaintiffs' Motion to Deem Admitted (R. Doc. 31)** filed by Plaintiffs Shaun Jackson and Christopher Wilson ("Plaintiffs"), seeking an order deeming **Plaintiffs' Request for Admission Numbers 1, 2, 4, and 6** admitted by Defendant Wilson Welding Service, Inc., ("Defendant"). Plaintiffs also seek attorney's fees. Defendant opposes the motion. (R. Doc. 43.) The motion was heard with oral argument on Wednesday, October 19, 2011.

### I.     Factual Background

Plaintiffs filed suit against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Plaintiffs allege that Defendant discriminated and retaliated against them on the basis of their race. (R. Doc. 1, ¶ IV. 8.) Plaintiffs are African-American male welders who were hired by Defendant to work on a rig refurbishing project. (R. Doc. 1, ¶¶ IV. 4-5, 11.) During the course of their employment, Plaintiffs allege, *inter alia*, Defendant (1) required Plaintiffs to sleep in racially segregated sleeping quarters without air conditioning; (2) permitted white employees to refer to Plaintiffs as "boy" and "nigger" and tell racist jokes; (3) permitted white employees to write racially offensive language in common

1

work site areas; (4) permitted a white employee to steal Plaintiffs' personal belongings from their sleeping quarters, and threatened to terminate Plaintiffs if they attempted to stop it; (5) permitted while employees to leave in the early afternoon, but required Plaintiffs to work until 6 p.m.; (6) assigned Plaintiffs the least desirable, dirtiest, and most unpleasant work on the rig; (7) retaliated against Plaintiffs for reporting Defendant's discriminatory conduct; and (8) terminated Plaintiffs without cause. (R. Doc. 1, ¶¶ 15-17, 22-23, 25, 27-28, 37.) Plaintiffs seek back-pay, compensatory and punitive damages, and injunctive and declaratory relief. (R. Doc. 1, ¶ 46.)

Following Plaintiff Shaun Jackson's termination, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). In response, Defendant submitted a position statement to the EEOC in November 2008. Defendant submitted a subsequent position statement in November 2009. After investigating Plaintiff Shaun Jackson's Charge of Discrimination for over a year, the EEOC issued a final "for cause" determination letter, in which it concluded that Defendant had unlawfully discriminated against Plaintiff Jackson.[1]

As to the instant motion, Plaintiffs' seek an order from this Court deeming **Plaintiffs' Request for Admission Numbers 1, 2, 4, and 6** admitted by Defendant. On July 26, 2011, Plaintiffs served Defendant their Request for Admissions.[2] On August 22, 2011, Defendant

---

[1] Plaintiffs did not provide the Court with information about whether Plaintiff Christopher Wilson filed a Charge of Discrimination with the EEOC, or whether the EEOC issued a final "for cause" determination letter in his case.

[2] Plaintiffs' **Request for Admission Number 1** states:
That in response to the charge of discrimination and/or harassment in the investigation before the Equal Employment Opportunity Commission, Shaun A. Jackson v. Wilson Welding, Charge No. 846-2008-58721, you provided the EEOC all relevant documents and information to support your position that Shaun A. Jackson was not harassed and/or discriminated against. (R. Doc. 31-4.)
Plaintiffs' **Request for Admission Number 2** states:
That the EEOC provided you the opportunity to present the EEOC all relevant information to support your position that Shaun A. Jackson was harassed and/or discriminated against. (R. Doc. 31-4.)

Plaintiffs' **Request for Admission Number 4** states:

2

responded, objecting to Request for Admission Numbers 1, 2, 4, and 6 on the basis that the requests were not permissible under Federal Rule of Civil Procedure ("Rule") 36; the term "relevant" was not defined, therefore the requests was vague; the requests implicated the attorney work product doctrine; and that Defendant did not take the position that Plaintiff Jackson was harassed or discriminated against. (R. Doc. 31-5.)

In support of their motion, Plaintiffs argue that because Defendant has failed to admit or deny Request for Admission Numbers 1, 2, 4, and 6 within 30 days of being served, that the Court should deem all four requests admitted.

In opposition, Defendant argues that Plaintiffs' request implicates the attorney-client privilege and the work product doctrine. Defendant further argues that Plaintiffs' request is an improper use of Rule 36, which Defendant argues is a procedure for obtaining admissions for the record of facts already known.

## II. Standards of Review

### A. Federal Rule of Civil Procedure 36

Rule 36 provides:

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer

---

That the facts stated in said letter, Exhibit 1, are true and correct. (R. Doc. 31-4.) Exhibit 1 to Plaintiffs' Request for Admission is Defendant's position statement to the EEOC regarding Plaintiff Shaun Jackson's claims of discrimination and harassment by Defendant, dated November 20, 2008. However, a copy of this exhibit was not provided to the Court.

Plaintiffs' **Request for Admission Number 6** states:
That the facts stated in said letter, Exhibit 2, are true and correct. (R. Doc. 31-4.) Exhibit 2 to Plaintiffs' Request for Admission is Defendant's position statement to the EEOC regarding Plaintiff Shaun Jackson's claims of discrimination and harassment by Defendant, dated November 19, 2009. However, a copy of this exhibit was not provided to the Court.

3

time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed.R.Civ.P. 36(a)(3). Rule 36 further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4). Under Rule 36, the grounds for objecting to a request must be stated. Fed.R.Civ.P. 36(a)(5) Additionally, "[a] party must not object solely on the ground that it presents a genuine issue for trial." Fed.R.Civ.P. 36(a)(5).

Rule 36 further permits a party to file a motion with the court to determine the sufficiency of an answer or objection. Fed.R.Civ.P. 36(a)(6). Unless the Court finds a party's objections justified, it must order that the party respond to the requests for admissions. Fed.R.Civ.P. 36(a)(6).

### B. Work Product Doctrine

Rule 26(b)(3) protects against the discovery of "work product," defined as documents and tangible things that have been prepared in anticipation of litigation or for trial by or for a party or a party's representative, including the party's consultant. Fed.R.Civ.P. 26(b)(3); *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (The work product privilege extends to and protects documents prepared in anticipation of litigation.) The burden of demonstrating applicability of work product protections rests on the party invoking it. *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985).

The work product doctrine does not protect from disclosure everything that a party or its agent knows. Rule 26(b)(3)(A) provides that, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). By its clear language, the rule "only protects 'documents and tangible things' produced by or for an attorney preparing for litigation and . . . it does not protect [against] the disclosure of underlying relevant facts." *Blockbuster Entertainment v. McComb Video*, 145 F.R.D. 402, 403-04 (M.D. La. 1992) (citation omitted); *accord Bonneau v. F & S Marine, Inc.*, No. 09-3336, 2010 U.S. Dist. LEXIS 38340, at *4, 2010 WL 1254552, at *2 (E.D. La. Mar. 25, 2010) (Knowles, M.J.) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)); *Bross v. Chevron U.S.A. Inc.*, No. 06-1523, 2009 U.S. Dist. LEXIS 25391, at *17-18, 2009 WL 854446, at *5 (W.D. La. Mar. 25, 2009) (Methvin, M.J.) (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2026 (2d ed. 2007); *Freeport-McMoran Sulphur, LLC v. Mike Millen Energy Equip. Resource, Inc.*, No. 03-1496, 2004 U.S. Dist. LEXIS 10197, at *16, 2004 WL 1299042, at *5 (E.D. La. June 3, 2004) (Roby, M.J.) (citing *Upjohn Co.*, 449 U.S. at 395-96).

**III.    Analysis**

    **A.    Defendant's Objections**

        **1.    Federal Rule of Civil Procedure 36(a)(1)**

**Request for Admission Numbers 1, 2, 4, and 6** request Defendant to admit that the EEOC provided it with the opportunity to, and that it did in fact, provide the EEOC with all relevant documents and information in support of its position statements, and that the facts stated in its

position statements were true and correct. Defendant objects to these requests on the basis that each request is not permissible under Rule 36.

In support of their motion, Plaintiffs argue that the requests seek admission from Defendant that (1) it had the opportunity to, and did provide the EEOC with all relevant documents and information in support of its position statements; and (2) its position statements were true and correct. Plaintiffs seek these admissions because they intend to admit into evidence at trial the EEOC's final "for cause" determination that Plaintiff Jackson was unlawfully discriminated against. Plaintiffs further argue that the EEOC's final determination is admissible, probative, and poses no unfair prejudice.

In opposition, Defendant argues that Rule 36 is a procedure for obtaining admissions for the record of facts already known, and not a discovery tool.

Rule 36 states "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed.R.Civ.P. 26(b)(1).

Whether Defendant had the opportunity to, and did provide the EEOC with relevant documents and information in support of its position statements is a fact that is relevant to Plaintiffs' claims and Defendant's defenses. Further whether the statements made in Defendant's position statements were true and correct is also a fact relevant to Plaintiffs' claims and Defendant's

defenses. "Relevant information need not be admissible at trial if it appears reasonable calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Further, under *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972) and its progeny, the EEOC's investigative report and determination letter may be admissible at trial, and can be highly probative. *Id.* at 157; *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1991) ("This court, on several occasions, has found investigative reports and files of the EEOC to be highly probative."); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985); *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980)(investigative report and determinations of the EEOC admissible under Fed.R.Evid. 803(8)(C)); *Peters v. Jefferson Chemical Co.*, 516 F.2d 447, 450 (5th Cir. 1975). Trial courts have the discretion to exclude such reports if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Thus, whether Defendant had the opportunity to provide the EEOC with relevant documents and information in support of its position statements, for example, may affect the probative value and admissibility of the EEOC's final "for cause" determination that Defendant unlawfully discriminated against Plaintiff Jackson.

However, the Court concludes that Plaintiffs' request that Defendant admit that the EEOC provided it the opportunity to present "*all* relevant information", and that it provided the EEOC "*all* relevant documents and information" as requested in Request for Admission Numbers 1 and 2, are outside of the scope of Rule 36. Such requests do not take into consideration documents and information obtained by Defendant subsequent to Defendant's position statement or how those new documents and information might change Defendant's defense strategy at trial, and thus places

7

Defendant in a difficult position. Accordingly, Defendant's objection to Request for Admission Number 1 on this basis is justified. Defendant's objection to Request for Admission Numbers 2, 4, and 6 on this basis is justified in part, and unjustified in part.

### 2. The Term "Relevant"

**Request for Admission Numbers 1 and 2** request Defendant to admit that the EEOC provided it with the opportunity to, and that it did in fact, provide the EEOC with all relevant documents and information in support of its position statements. Defendant also objects to these requests on the basis that the requests do not define the term "relevant", and are therefore vague.

In support of their motion, Plaintiffs argue that the definition of relevance is commonly known. Plaintiffs further argue that under Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed.R.Evid. 401.

Defendant makes no further argument related to this objection in its opposition.

The Court overrules Defendant's objection. Because the Court has already determined that the admissions sought by Plaintiffs are relevant, no further analysis of this objection is necessary. Defendant's objection is unjustified.

### 3. Attorney Work Product Doctrine

**Request for Admission Numbers 1, 2, 4, and 6** request Defendant to admit that the EEOC provided it with the opportunity to, and that it did in fact, provide the EEOC with all relevant documents and information in support of its position statements, and that the facts stated in its position statements were true and correct. Defendant also objects to these requests on the basis that they seek admission of Defendant counsel's recollection, conclusions, or beliefs, formed in the

course of her legal duties, and therefore, implicate the work product of an attorney.

In support of their motion, Plaintiffs argue that their requests do not seek admission about an attorney's recollection, conclusions, or beliefs, but simply asks Defendant to confirm or deny whether it provided all relevant information to the EEOC.

In opposition, Defendant argues that Plaintiff's requests implicate the attorney work product privilege. Defendant further argues that Plaintiffs confirmed their intent when they attempted to get a corporate witness to testify to Defendant counsel's investigation during a deposition. Defendant concedes that most courts apply the attorney work product privilege to documents and things only, but argues that it may be implicated when non-tangible work product is sought through requests for admissions.

Although Defendant attempts in its written submission to the Court to also object to Plaintiffs' requests on the basis of attorney-client privilege, this objection was not stated in Defendant's formal objections to the actual requests. Therefore, the Court will only consider the work product doctrine. *Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *16, n.11, 2010 WL 4822564, at *3, n.11 (D. Kan. November 22, 2010) (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005) (holding that it is "well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

Rule 26(b)(3) protects against the discovery of "work product," defined as documents and tangible things that have been prepared in anticipation of litigation or for trial by or for a party or a party's representative, including the party's consultant. Fed.R.Civ.P. 26(b)(3). The burden of demonstrating applicability of work product protections rests on the party invoking it. *Hodges,*

*Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985).

Here, Plaintiffs' requests for admissions do not request documents or tangible things prepared by Defendant's counsel. Rather, the requests simply request Defendant admit or deny relevant facts. Thus, the attorney work product doctrine is not implicated. *In re Grand Jury Subpoena*, 419 F.3d 329, 333, n.3 (5th Cir. 2005) (the work product privilege covers documents resulting from communications between the attorney and a third party that relate to trial or litigation strategy); *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (the work product privilege extends to and protects documents prepared in anticipation of litigation) (citing Rue 26(b)(3)). Defendant failed to cite to a single in which the court extended the work product doctrine to requests for admissions. Thus, Defendant's objection is unjustified.

### B. Attorney's Fees

Plaintiffs seek to recover attorney's fees and costs in connection with this motion. Rule 36 states that Rule 37(a)(5) applies to an award of expenses in connection with filing a motion under Rule 36. Fed.R.Civ.P. 36(a)(6). Rule 37(a)(5) provides that when a discovery motion is granted in part and denied in part, the court may award reasonable expenses, including attorney's fees, to the prevailing party. Fed.R.Civ.P. 37(a)(5)(C). Pursuant to Rule 37(a)(5)(C), Plaintiff's request is denied as Defendant's position was well founded as to three of Plaintiffs' requests for admission.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Deem Admitted (R. Doc. 31)** is **GRANTED IN PART, AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiffs with a complete response to **Request for Admission Number 7 no later than November 7, 2011.** If Defendant chooses to admit Request for Admission Number 2 , such admission may be made with the qualifier that "all relevant information" means all relevant information available to Defendant at the time.

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiffs with a complete response to **Request for Admission Number 4 no later than November 7, 2011.** If Defendant chooses to admit Request for Admission Number 4 , such admission may be made with the qualifier that such facts were "true and correct" from Defendant's perspective at the time..

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiffs with a complete response to **Request for Admission Number 6 no later than November 7, 2011.** If Defendant chooses to admit Request for Admission Number 6 , such admission may be made with the qualifier that such facts were "true and correct" from Defendant's perspective at the time.

New Orleans, Louisiana, this 26th day of October.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**