# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAUN JACKSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2843** |
| **WILSON WELDING SERVICE, INC.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is **Plaintiffs' Motion to Quash, or in the Alternative, to Stay Non-Party Subpoenas (R Doc. 61)** filed by Plaintiffs Shaun Jackson and Christopher Wilson ("Plaintiffs"), seeking an order quashing, or in the alternative, staying the proposed non-party subpoenas filed by Defendant Wilson Welding Service, Inc. ("Defendant"). Defendant opposes the motion. (R Doc. 76.) The motion was heard on the briefs without oral argument on November 30, 2011.

## I.     Factual Background

Plaintiffs filed suit against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). Plaintiffs allege that Defendant discriminated and retaliated against them on the basis of their race. (R. Doc. 1, ¶ IV. 8.) Plaintiffs are African-American male welders who were hired by the Defendant to work on a rig refurbishing project. (R. Doc. 1, ¶¶ IV. 4-5, 11.) During the course of their employment, Plaintiffs allege, *inter alia*, Defendant (1) required Plaintiffs to sleep in racially segregated sleeping quarters without air conditioning; (2) permitted white employees to refer to Plaintiffs as "boy" and "nigger"

and tell racist jokes; (3) permitted white employees to write racially offensive language in common worksite areas; (4) retaliated against Plaintiffs for reporting Defendant's discriminatory conduct; and (5) terminated Plaintiffs without cause. (R. Doc. 1, ¶¶ 15-17, 22-23, 37.) Plaintiffs seek back-pay, compensatory and punitive damages, and injunctive and declaratory relief. (R. Doc. 1, ¶ 46.)

As to the instant motion, Plaintiffs' seek an order from this Court quashing, or in the alternative, staying the six non-party subpoenas noticed by Defendant on November 7, 2011. Plaintiffs argue that the proposed non-party subpoenas are untimely. Defendant opposes the motion.

According to the Scheduling Order, the deadline to c*omplete* discovery was November 7, 2011. (R. Doc. 25, p. 1.) The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon showing of good cause." (R. Doc. 25, p. 3.) The trial is scheduled to commence on January 23, 2012.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, courts in this Circuit consider four factors: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Here, Defendant did not file the Notice of Issuance of Subpoenas for Documents and issue the subpoenas until November 7, 2011 - the deadline by which all discovery was to be *completed*. (R. Doc. 61-1.) The subpoenas required the non-parties to produce documents by November 21, 2011 - fourteen (14) days after the discovery deadline. Further, Defendant did not timely apply for an extension of the discovery deadline or attempt to demonstrate good cause, as required by the Scheduling Order. Thus, Plaintiffs' motion must be granted.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiffs' Motion to Quash, or in the Alternative, to Stay Non-Party Subpoenas (R Doc. 61)** is hereby **GRANTED**, and Defendant's six non-party subpoenas are hereby **QUASHED**.

New Orleans, Louisiana, this 4th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**